

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
WILL WILSON
ATTORNEY GENERAL

Honorable James W. Strawn
County Attorney
Willacy County
Raymondville, Texas

Dear Sir:

Opinion No. O-4466

Re: What is the legal status of
a political subdivision in a
county when said political
subdivision is dry as to four
per cent beer and the county
is wet as to malt and vinous
beverages that do not contain
alcohol in excess of fourteen
per cent by volume?

Your letter requesting the opinion of this department on
the above stated question reads as follows:

"I would like an opinion on the following question:
'What is the legal status of a political subdivision in
a county when said political subdivision is dry to four
(4%) per cent beer, and the county is wet as to fourteen
(14%) per cent beer?'

"An unusual situation has again arisen in this
county and I would like to give you a little of the
history so you may answer this question. In 1937 all
alcoholic beverages were prohibited in the county; in
1938 four (4%) per cent beer was legalized within the
county; later an election to legalize all alcoholic
beverages failed to carry; in 1939 four (4%)per cent
beer was legalized in the county; in 1941 four (4%) per
cent beer was prohibited in the county; and in 1942 the
sale of fourteen (14%) per cent beer and wine was
legalized. During the time that the county was wet as
to the sale of (4%) per cent beer Precinct 2 and the
City of Lyford, by local option elections, voted to
prohibit the sale of four (4%) per cent beer.

"The situation is in short that we have a precinct
and a city in the county which are dry as to the sale
of four (4%) per cent beer, and the county is wet as
to fourteen (14%) per cent beer and wine. There have

been no city or precinct elections to prohibit the sale of fourteen (14%) per cent beer and wine.

"The law is well established in the cases showing that a county wide election can in no instance have the effect of legalizing intoxicants in dry precincts or cities. These cases are set out in numerous opinions handed down by you and for that reason are not pointed out. However, in all of those cases there has never been a situation, in so far as I am able to determine, where the question of various degrees of wetness were involved--it was just a question of whether the subdivision was wet or dry.

"You will notice in this instance that the precinct and city in question are not dry as to fourteen (14%) per cent beer and wine since that issue and the issue on prohibiting all alcoholic beverages have never been voted on by them as units. It would therefore seem that the only question involved is whether or not said subdivisions may sell beer or four (4%) per cent and under, because it seems clear that they can sell beer and wine containing alcohol between four (4%) and fourteen (14%) per cent. After considering the question very seriously I am inclined to the view that the status of said subdivisions as to four (4%) per cent beer has no effect at this time because the entire county is wet as to fourteen (14%) per cent beverages. At any time in the future when the county was wet as to only four (4) per cent beer, then the status would be material and they would be dry as to the four (4%) per cent beer. But, under the present condition, the status on four (4%) per cent beer is one which is not to be considered at this time.

"The argument can be advanced that these subdivisions are dry as to four (4%) per cent beer and that no vote by the county, as a whole, can in any way have the effect of legalizing the sale of light beers in said subdivision. This argument is sound and must be accepted is the question as to the status on the four (4%) per cent issue is considered material.

"I am inclined to think that said subdivisions are wet for the sale of beer and wine up to fourteen (14%) per cent and that they will remain so until such time as they vote for prohibiting the sale of beer and wine not to exceed fourteen (14%) per cent."

By virtue of the Texas Liquor Control Act (Article 666-32, Vernon's Annotated Penal Code) any county in the State, justice precinct, or any incorporated city or town, in compliance with said Act, may hold a local option election to determine whether or not the sale of liquors shall be prohibited or legalized in such county, justice precinct, or incorporated city or town.

For the purposes of this opinion, where you have referred to "Precinct 2" and the city of Lyford, we assume that you refer to a justice precinct and an incorporated town.

From the facts stated in your letter, as quoted above, it is apparent that in 1941 by local option election the sale of beer not containing alcohol in excess of four per centum by weight was prohibited. Therefore, it naturally followed that all alcoholic beverages mentioned in the Texas Liquor Control Act could not be legally sold. However, in 1939, the county as a whole, by local option legalized the sale of beer which did not contain alcohol in excess of four per centum by weight. During the time the sale of beer not containing alcohol in excess of four per centum by weight was legalized by a local option election, the above mentioned justice precinct and the City of Lyford prohibited the sale of such beer by a local option election and under the facts stated, said precinct or city, as such, has not changed their status.

Under the facts stated, in 1942, the county as a whole legalized the sale of malt and vinous beverages not containing alcohol in excess of fourteen per centum by volume by local option election. Although the county as a whole by virtue of said election was "wet" with reference to the sale of malt and vinous beverages not containing alcohol in excess of fourteen per centum by volume the status of the precinct and city above mentioned remained the same as established by the last local option election held in such precinct and city. By virtue of the last local option election held in said precinct and city, each was "dry" as to all alcoholic beverages mentioned in the Texas Liquor Control Act.

We think that it is well established that the status of the above mentioned precinct and city will remain dry as established by the last local option election in each, until the status of each is changed by a local option election. The fact that the county as a whole has legalized the sale of malt and vinous beverages not containing alcohol in excess of fourteen per centum by volume does not alter or change the status of the precinct and city heretofore mentioned.

We think the conclusion reached herein is supported by the following cases: Talley v. Binson, 96 S. W. (2d) 94; Rockholt v. State, 126 S. W. (2d) 488; Coker v. Kmeicik, 87 S. W. (2d) 1076, and Houchins v. Plainos, 110 S. W. (2d) 549, Jackson v. State, 118 S. W. (2d) 313.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Ardell Williams
Ardell Williams
Assistant

AW:LM:wc

APPROVED MARCH 26, 1942
s/Grover Sellers
FIRST ASSISTANT ATTORNEY GENERAL

Approved Opinion Committee By BWB Chairman